GENEVIEVE DALEY, BY FRANK DALEY, HER NEXT FRIEND, FRANK DALEY AND CATHERINE DALEY, PLAINTIFFS, v. PUBLIC SERVICE CO-ORDINATED TRANSPORT, DEFENDANT.

Submitted October term, 1930—Decided June 24, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices TREN-CHARD and LLOYD.

*For the rule, Henry H. Fryling.*

*Contra, Francis A. Gordon.*

PER CURIAM.

This is defendant's rule for new trial, and the reasons for making the rule absolute are that the verdicts are excessive

in amount and that certain photographs were improperly received in evidence.

The verdict in favor of the woman plaintiff was for $35,000 her father received an award for $1,000 for expenses, and there was a verdict of $500 for the father and mother for the loss of services.

The plaintiff Genevieve Daley was a passenger in a trolley car of the defendant and was injured as the result of a collision between that car and another car of the same company. The injuries, which at the time seemed comparatively slight, later resulted in serious nervous disturbances, causing pronounced tremors of the head and shoulders and adversely affecting her disposition. The accident happened in July, 1928, and at the trial in February, 1930, no substantial improvement seems to have taken place. Her condition was described medically as a psycho-neurosis and there was strong testimony tending to show that litigation in such cases is a contributing cause to the continuance of this condition; that when the litigation is over the mind is relieved and in most cases a marked change for the better takes place. We cannot of course say that in any individual case such a result would follow, but in view of these proofs and upon a fair consideration of the whole case, we deem the verdict of $35,000 in favor of Genevieve Daley grossly excessive.

We cannot say that the awards in favor of her parents were not justified by the proofs.

The only other point raised is that photographs of the plaintiff were improperly received in evidence. The photographs were taken before the injuries were received and one set of them was offered for the purpose of exhibiting her physical appearance, and the other, taken by herself, as indicating the steadiness of the nerves before the accident occurred. We think the point is without merit.

If the plaintiff Genevieve Daley will remit all above the sum of $20,000, the rule in her case will be discharged; otherwise it will be made absolute. The rule otherwise is dscharged.